UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ILKB, LLC,

Plaintiff,

- against -

MATTHEW WHITWORTH and TRAINING PASSION,
LLC,

Defendants.

And

MATTHEW WHITWORTH and TRAINING PASSION,
LLC,

Defendants/Counter-
Plaintiffs,

- against –

ILKB, LLC, MICHAEL PARRELLA, and ILKB TOO,

LLC,

Counter-defendants/ Additional Defendants.

Civil Action No.
1:20-cv-04900-WFK-LB

**DEFENDANTS MATTHEW WHITWORTH AND TRAINING PASSION LLC's
ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS**

For their Answer and Affirmative Defenses to Plaintiff ILKB, LLC's ("ILKB") Complaint for Damages and Injunctive Relief (the "Complaint"), Defendants Matthew Whitworth ("Whitworth") and Training Passion, LLC ("TP") (collectively, "Defendants"), by their attorneys Einbinder & Dunn, LLP, state as follows:

### NATURE OF ACTION

1.      Defendants deny the allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.      Defendants aver that they operated an ILKB franchise for approximately five years and deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Defendants admit that ILKB seeks damages and denies that ILKB is entitled to damages as alleged in paragraph 8 of the Complaint.

9.      Defendants admit that ILKB seeks injunctive relief in the Complaint and denies that ILKB is entitled to such relief as alleged in paragraph 9 of the Complaint.

10.      Defendants deny the allegations in paragraph 10 of the Complaint.

### THE PARTIES

11.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admit that on information and belief ILKB is or was the franchisor of iLoveKickboxing.com.

12.    Defendants admit the allegations in paragraph 12 of the Complaint.

13.    Defendants admit the allegations in paragraph 13 of the Complaint.

14.    Answering paragraph 14 of the Complaint, Defendants aver that, on information and belief, Harjinder Singh founded a company called Fit Theorem. Except as so stated, Defendants deny the allegations in paragraph 14 of the Complaint.

## SUBJECT MATTER JURISDICTION

15.    Answering paragraph 15 of the Complaint, Defendants aver that Defendants are Texas citizens, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16.    Answering paragraph 16 of the Complaint, this paragraph sets forth legal conclusions that do not require an answer. To the extent that an answer is required, Defendants deny the allegations in paragraph 16 of the Complaint.

17.    Answering paragraph 17 of the Complaint, this paragraph sets forth legal conclusions that do not require an answer. To the extent that an answer is required, Defendants deny the allegations in paragraph 17 of the Complaint.

## PERSONAL JURISDICTION AND VENUE

18.    Defendants deny the allegations in paragraph 18 of the Complaint.

19.    Defendants deny the allegations in paragraph 19 of the Complaint.

20.    Defendants admit that Matthew Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. As to the remaining Defendants, Defendants deny the allegations in paragraph 20 of the Complaint.

21.    Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants admit that Matthew Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. As to the remaining Defendants, Defendants deny the allegations in paragraph 22 of the Complaint.

## THE DEFENDANTS' FRANCHISE AGREEMENT

23.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Defendants admit the allegations in paragraph 24 of the Complaint.

25.     Answering paragraph 25 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Answering paragraph 26 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Answering paragraph 27 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Answering paragraph 30 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Answering paragraph 31 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Answering paragraph 33 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Answering paragraph 34 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for

its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 34 of the Complaint.

## ILKB'S INTELLECTUAL PROPERTY, TRADE SECRETS, AND CONFIDENTIAL INFORMATION

35.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Answering paragraph 40 of the Complaint, Defendants admit that Whitworth signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants avers that during his franchise relationship with ILKB, Defendants had access to certain information relating to ILKB's franchise model. Except as so stated, Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny that ILKB carefully safeguards its confidential and proprietary business information. To the extent that the allegations of paragraph 42 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the

Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 42 of the Complaint.

43.     To the extent that the allegations of paragraph 43 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Answering paragraph 44 of the Complaint, Defendants aver that at some point during the five-year franchise relationship Whitworth met with representatives from ILKB, and deny the remaining allegations in paragraph 44 of the Complaint.

45.     Answering paragraph 45 of the Complaint, Defendants aver that Whitworth obtained some knowledge with respect to the personal fitness marketplace by virtue of having operated an ILKB franchise. Except as so stated, Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

**<u>DEFENDANTS' ALLEGED CONTRACTUAL BREACHES AND INTENTIONAL INTERFERENCE WITH THE ILKB FRANCHISE SYSTEM</u>**

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.      Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     To the extent that the allegations of paragraph 53 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants the allegations in paragraph 55 of the Complaint.

56.     Answering paragraph 56 of the Complaint, Defendants aver that there is a Fit Theorem location at 2640 E League City Pkwy #100, League City, Texas. Except as so stated, Defendant deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants admit that ILKB sent a letter dated September 7, 2020 purporting to terminate the franchise relationship. To the extent that the allegations in paragraph 64 of the Complaint are inconsistent with the September 7, 2020 letter, they are denied. To the extent that the allegations in paragraph 64 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 64 of the Complaint are denied.

65.     Answering paragraph 65 of the Complaint, Defendants admit that ILKB sent a letter dated September 7, 2020 purporting to terminate the franchise relationship. To the extent that the allegations in paragraph 65 of the Complaint are inconsistent with the September 7, 2020 letter, they are denied. To the extent that the allegations in paragraph 65 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 65 of the Complaint are denied.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

**FIRST CAUSE OF ACTION**

67.     Defendants reallege and incorporate their answers to paragraphs 1-66 as though fully set forth herein.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Answering paragraph 70 of the complaint, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 70 of the Complaint are denied.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

**SECOND CAUSE OF ACTION**

77.     Defendants reallege and incorporate their answers to paragraphs 1-76 as though fully set forth herein.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

**THIRD CAUSE OF ACTION**

85.     Defendants reallege and incorporate their answers to paragraphs 1-84 as though fully set forth herein.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

## FOURTH CAUSE OF ACTION

94.     Defendants reallege and incorporate their answers to paragraphs 1-93 as though fully set forth herein.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

## NOTICE OF INTENT TO SEEK INJUNCTIVE RELIEF

98.     Defendants reallege and incorporate their answers to paragraphs 1-97 as though fully set forth herein.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

## COUNTERCLAIMS

1.      Defendants/Counter-plaintiffs Matthew Whitworth and Training Passion, LLC ("Counter-plaintiffs") seek to recover damages for fraud and breach of contract in connection with Defendants' sale of an ILKB franchised kickboxing studio to Counter-plaintiffs. In brief, ILKB made false, fraudulent, and unsupported representations that ILKB franchisees broke even in a matter of weeks and generated certain levels of revenues and profits; that the franchise was ideal for absentee owners; and that ILKB would handle virtually all marketing, which would result in more than enough memberships to make the franchise profitable, among others set forth more fully below.

2.      In reliance upon ILKB'S representations and omissions, Counter-plaintiffs entered into a franchise agreement on August 25, 2015 (the "Franchise Agreement"), a copy of which is

11

annexed hereto as Exhibit A. Pursuant to the Franchise Agreement, Counter-plaintiffs operated an ILKB fitness studio in League City, Texas (the "League City" location).

3.      In 2016, Counter-plaintiffs opened a second studio in Houston, Texas (the "Houston Memorial" location) pursuant to an Assignment and Assumption Agreement dated October 26, 2016, A copy of which is annexed hereto as Exhibit B. Under Section 3 of the Franchise Agreement, Counter-plaintiffs were granted the territory surrounding the Outlet as depicted in the map attached to the Franchise Agreement. A copy of the map depicting the territory for the Houston Memorial location is annexed hereto as Exhibit C. (Collectively, the League City location and the Houston Memorial location are referred to as "the Studios").

4.       After investing approximately $300,000 in building out and equipping each of the Studios, the Studios failed to perform as promised, and Counter-plaintiffs discovered that ILKB's representations had been false.

5.      Moreover, ILKB breached its agreement to provide marketing and other support to Counter-plaintiffs; encroached on Counter-plaintiffs' territory; and failed to meet its obligations under Section 6.2 of the Franchise Agreement.

6.      As a result of ILKB's breaches, including abandonment of the franchise system, and failure to provide any required support to Counter-plaintiffs, including during the COVID-19 pandemic, Counter-plaintiffs terminated the Franchise Agreement in July 2020.

7.      Counter-plaintiffs now seek to recover their damages, in an amount to be proven at trial but in no event no less than $500,000 for which all defendants are liable.

8.      Counter-plaintiffs also seek a declaratory judgment that they properly terminated the Franchise Agreement.

## PARTIES

9.      Counter-Plaintiff Matthew Whitworth is an individual who, at all relevant times, resided in and was a citizen of Texas. Counter-plaintiff Training Passion, LLC is a limited liability company whose members are all citizens of the State of Texas. Pursuant to an addendum to the Franchise Agreement dated February 17, 2016, the franchise was transferred from Whitworth to Training Passion, LLC.

10.      On information and belief, Counter-defendant ILKB LLC was at all times a New York limited liability company with an office located at 1844 Lansdowne Avenue, Merrick, New York. On information and belief, ILKB's members are citizens of the State of New York. ILKB is or was a franchisor of the iLoveKickboxing franchise system.

11.      On information and belief Additional Defendant on the Counterclaim Michael Parrella is a citizen of the state of New York. Parrella is the chief executive officer and a member of ILKB, LLC.

12.      On information and belief, Additional Defendant on the Counterclaim ILKB TOO, LLC ("ILKB TOO") is a Florida limited liability company with an office located at 210 Lake Harris Drive, Lakeland, Florida and is authorized to and transacts business in the State of New York. On information and belief, the members of ILKB TOO are citizens of the states of California and Florida.

13.      On information and belief, a merger or de facto merger took place whereby ILKB TOO effectively took over ILKB and such merger or de facto merger involves (i) continuity of ownership in that existing ILKB member or equity owner, Parrella, directly or indirectly, retained an interest in ILKB, its business and/or its assets following the merger; (ii) cessation or dissolution of the acquired ILKB entity soon following the merger; (iii) assumption by successor ILKB TOO

of liabilities ordinarily necessary for the uninterrupted continuation of the acquired ILKB business; and (iv) continuity of certain management, personnel, assets and general business operations.

14.     On information and belief, (i) ILKB TOO expressly or impliedly assumed the ILKB predecessor's tort liability, including liabilities to the Counter-plaintiffs, in connection with the merger or de facto merger; (ii) the merger or de facto merger resulted in a consolidation of ILKB TOO with ILKB; (iii) following the merger or de facto merger, the surviving business is a m ere continuation of the ILKB predecessor; or (iv) the merger or de facto merger was entered into fraudulently or wrongfully to avoid ILKB's liabilities to the Counter-plaintiffs and other similarly situated franchisees.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over these counterclaims  under 28 U.S.C. §1332, as Counter-plaintiffs and Counter-defendants and additional defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court also has jurisdiction over these counterclaims under 28 U.S.C. §1367 as the counterclaims are so related to Plaintiff/Counter-defendant's claims in the action within such original jurisdiction that they form part of the same case or controversy. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Counter-defendants, ILKB and additional Defendant Parrella, and are residents and citizens of this district with their principal place of business within this district; Additional Defendant ILKB TOO, is the successor by merger to Counter-defendant, ILKB; and Counter-defendants have sufficient contacts to subject them to personal jurisdiction in this Court.

## FACTS

16.     Whitworth became interested in purchasing an ILKB franchise in 2015 and began discussing said purchase with ILKB around April 2015.

17.     Whitworth spoke with ILKB representatives, including Michael Parrella ("Parrella") and Scott Ferrari ("Ferrari"), ILKB's Director of Franchise Development,  about the ILKB franchise system on multiple occasions in the summer of 2015. Specifically, during one conversation with Ferrari on July 6, 2015, Ferrari told Whitworth that the historical rate of trial to membership conversion rates were in the 70-80% range. Whitworth also attended ILKB's "Discovery Day" meeting for prospective franchisees to learn about the franchise on August 14, 2015, conducted by Parrella and Ferrari.

18.     Over the course of Counter-plaintiffs' discussions with representatives of ILKB including Parrella and Ferrari, in the period of time from June of 2015 through Discovery Day and prior to signing the Franchise Agreement, ILKB made the following representations to Whitworth concerning franchisees in the ILKB franchise system to induce him to sign the Franchise Agreement, which were later discovered to be false:

  a. ILKB made the representation that franchisees in the ILKB system break even in weeks or months; of opening their franchise with 200 members paying $135.00/month each which would generate $27,000/month, and costs would be at or below $25,000/month;

  b. ILKB told Whitworth that franchisees in the ILKB system were able to operate the franchises as absentee owners and spent only about 1-2 hours a week running their franchises, and that they were able to keep other full-time employment;

  c. ILKB told Whitworth that ILKB's marketing generated at least 100 trial members per month starting when their studios opened;

      d.  ILKB told Whitworth that the historical rate of trial to membership conversion rates were in the 70-80% range;

19.    In reliance on the above representations of ILKB, Counter-plaintiffs decided to purchase an ILKB franchise.

20.    Over the years after signing the Franchise Agreement, Counter-plaintiffs discovered that all of the aforementioned representations were false and misleading. On information and belief, there was no basis for these representations. In fact, prior to the representations being made:

      a.  On information and belief, franchisees did not break even in weeks or months, as their costs greatly exceeded their revenue even with 200 paying members;

      b.  Most ILKB franchisees were not able to operate as absentee owners;

      c.  ILKB's marketing only generated about 30 trial memberships per month;

      d.  Conversion rates for franchisees were in the 30-40% range.

21.    In reliance on the ILKB Counter-defendants' fraud and misrepresentations in paragraph 18, Counter-plaintiffs were induced to sign the Franchise Agreement. As a result, Counter-plaintiffs incurred no less than $500,000 in damages.

22.    Despite ILKB's representations that franchisees would break even with 200 members per month, Counter-plaintiffs' costs greatly exceeded their revenue, even with 200 members per month.

23.    Despite ILKB's assurance at the Discovery Day meeting that its studios could be run by "absentee" owners, requiring only 1-2 hours per week of work by the owner, Whitworth had to commit full-time effort to running his franchise. In fact, Whitworth was forced to leave his

former career to run his Studio in October of 2016. Counter-plaintiffs converted an average of 30-40% of trials to memberships rather than the 70-80% promised.

24.     In addition to the misrepresentations discussed above, ILKB also breached its Franchise Agreement with Counter-plaintiffs.

25.     Specifically, despite collecting a marketing fee as provided for in the Franchise Agreement, ILKB's marketing completely failed Counter-plaintiffs. Counter-plaintiffs were forced to hire a third-party marketing company in order to survive and spent in excess of $300,000 in outside marketing costs.

26.     With respect to the Houston Memorial location, ILKB breached the Franchise Agreement by opening two other studios within his approved territory. The Houston Memorial location never made any money and was closed in 2019.

27.     Parrella resigned as ILKB's CEO in January of 2020, but he abandoned the franchise system long before that. From the summer of 2019 onward, ILKB stopped providing support to Counter-plaintiffs. Specifically, ILKB reduced staff and was unresponsive to franchisees including Counter-plaintiffs; reduced the marketing that they provided (which was already insufficient); failed to provide training support; and otherwise stopped complying with their obligations under the Franchise Agreement.

28.     ILKB's lack of support to its franchisees got substantially worse at the outset of the COVID-19 pandemic. From March through mid-May of 2020, fitness studios were shut down by the State of Texas due to the COVID-19 pandemic. During that time, ILKB provided no support whatsoever to keep the Studios operating. ILKB failed to provide guidance and best practices at the inception or and during the pandemic and failed to provide opening procedures and best practices tailored to each state's recommended and/or required pandemic response guidelines or

17

regulations to assist in the reopening process. Counter-plaintiffs were forced to create content for their members entirely on their own.

29.     On July 17, 2020, Counter-plaintiffs terminated the Franchise Agreement due to ILKB's non-curable breaches.

30.     In addition, as a result off ILKB's breaches of contract and abandonment of the franchise system, Counter-plaintiffs incurred no less than $500,000 in damages.

## AS AND FOR A FIRST COUNTERCLAIM

### Breach of Contract

31.     Counter-plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

32.     Counter-plaintiffs and ILKB entered into a valid Franchise Agreement.

33.     As set forth more fully above, ILKB breached the Franchise Agreement by: (1) failing to market the franchise; (2) encroaching on Counter-plaintiffs' territory; (3)  abandoning its support obligations under the Franchise Agreement;

34.     At all relevant times, Counter-plaintiffs complied with all of their obligations under the Franchise Agreement.

35.     As a result of ILKB's breaches, Counter-plaintiffs have been damaged in an amount to be determined at trial but in excess of $500,000. Counter-plaintiffs are entitled to recover the losses that it has suffered as a result of ILKB's fraud, for which all Counter-defendants and additional Defendants are jointly and severally liable.

## AS AND FOR A SECOND COUNTERCLAIM

### Common Law Fraud

36.     Counter-plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

18

37.     ILKB made false representations and fraudulent omissions in its communications with Counter-plaintiffs regarding, among other things, the performance of franchises in the ILKB system prior to the time Counter-plaintiffs signed the franchise agreement; and the costs of the operations, as set forth in paragraphs 17-18 above.

38.     ILKB knew these representations were false and made them with the intent that Counter-plaintiffs would rely upon them to his detriment.

39.     Counter-plaintiffs justifiably relied upon ILKB's misrepresentations and incurred damages as a result.

40.     Counter-plaintiffs are entitled to recover the losses that it has suffered as a result of ILKB's fraud, for which all Counter-defendants and additional Defendants are jointly and severally liable.

## AS AND FOR A THIRD COUNTERCLAIM

### Negligent Misrepresentation

41.     Counter-plaintiffs repeat and reallege all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

42.     ILKB negligently made false representations in the course of the sale of the franchise and that they knew to be contrary to the truth and knowing that Counter-plaintiffs would rely upon them.

43.     As a result of Counter-plaintiffs' reliance upon ILKB's negligent misrepresentations, Counter-plaintiffs have incurred damages which they are entitled to recover.

## AS AND FOR A FOURTH COUNTERCLAIM

### Attorney's Fees

44.     Pursuant to Section 14.4 of the Franchise Agreement, Counter-plaintiffs are entitled to recover reasonable legal fees and other expenses in connection with this action.

## AS AND FOR A FIFTH COUNTERCLAIM

### Declaratory Judgment

45.     ILKB materially breached the franchise agreement, most significantly, by abandoning the franchise system and its obligations under the Franchise Agreement.

46.     Section 13.1 of the Franchise Agreement provides that if ILKB is in material breach of the Agreement, a franchisee may terminate by giving prior written notice setting forth the asserted breach and providing 30 days in which to cure the default.

47.     Counter-plaintiffs provided written notice of the breach. ILKB made no effort to address or attempt to cure any of the breaches cited by Counter-plaintiffs. In any event, ILKB's abandonment of the franchise system constitutes an uncurable breach.

48.     Accordingly, Counter-plaintiffs seek a declaration that the Franchise Agreement was terminated in accordance with its terms on July 17, 2020.

**WHEREFORE,** Defendants/Counter-plaintiffs respectfully pray that judgment be entered in their favor as follows:

A.      That the claims in Plaintiff's Complaint be dismissed, with prejudice, at Plaintiff's cost;

B.      That on the first through third Counterclaims, Defendants/Counter-Plaintiffs be awarded damages in an amount to be determined by the Court but believed to be in excess of $500,000; on the fourth counterclaim, interest, costs, and reasonable attorney's fees; and on the fifth counterclaim that the court declare that Counter-plaintiffs properly terminated the Franchise Agreement;

C.      That Defendants/Counter-plaintiffs be awarded such other relief as justice requires.

### JURY DEMAND

The Counter-plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: December 28, 2020

                                     Respectfully submitted,

                                     By: */s/ Michael Einbinder*
                                     Michael Einbinder
                                     Jacqueline Valenza
                                     EINBINDER & DUNN, LLP
                                     112 Madison Avenue, 8th Floor
                                     New York, New York 10016
                                     Tel.: (212) 391-9500
                                     Fax: (212) 391-9025
                                     E-Mail: me@ed-lawfirm.com